IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 10-14-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BURNELL THOMAS RHODES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I. Introduction and Background**

Defendant Burnell Thomas Rhodes was charged with one count of receipt of child pornography. He pleaded guilty to the count. According to the United States, Rhodes' computer included one video with a four second clip of the "Jan_Feb" series of child pornography images. Pursuant to 18 U.S.C. § 2259, the United States requested the Court order Rhodes to pay restitution on behalf of the person, "L.S.," depicted in the "Jan_Feb" series. "L.S." seeks restitution for

counseling expenses, and attorney costs and fees.  The request submitted at the time the Pre-Sentence Report was written included a letter from a lawyer, victim impact statements and an expert report of Sharon W. Cooper, M.D.  Included in the victim impact statements were, letters from the minor victim, her biological mother, as well as her legal guardian.

On January 12, 2011, the Court sentenced Rhodes.  Neither "L.S." nor any other victim appeared at the sentencing, and the United States did not provide any evidence, other than the documents already submitted by a lawyer, to demonstrate that Rhodes is responsible for the losses sustained by "L.S."

## II.  Analysis

The Rules of Evidence do not apply at sentencing, and the district court may consider any evidence that is relevant.  U.S. v. Chavaria-Angel, 323 F.3d 1172, 1175 (9th Cir. 2003).  While a defendant does not have all the constitutional protections at sentencing that exist at trial, the defendant "clearly has a due process right not to be sentenced on the basis of materially incorrect information."  U.S. v. Valensia, 222 F.3d 1173, 1183 (9th Cir. 2000) (quoting U.S. v. Petty, 982 F.2d 1365, 1369 (9th Cir. 1993).  For example, while hearsay evidence may be used at sentencing, due process requires that the district court must ensure that it bears some "indicia of reliability."  Valensia, 222 F.3d at 1183.

Restitution serves remedial, deterrent, rehabilitative and retributive

purposes, and it is tied to the culpability of the defendant.  U.S. v. Dubose, 146 F.3d 1141, 1144-45 (9th Cir. 1998).  In the context of restitution, there are also certain due process requirements that must be satisfied.  For example, due process is satisfied when a defendant has an opportunity to present his objections to the imposition of restitution.  U.S. v. Grimes, 15 F.3d 1092 (9th Cir. 1994) (upholding restitution order where defendant was granted a hearing, at his request, to object to restitution before a magistrate).  Further, due process concerns are satisfied and the defendant is adequately on notice regarding the possibility of restitution when the defendant has pled guilty and the plea contained elements of the offense necessary to establish the propriety of restitution.  See U.S. v. Veerapol, 312 F.3d 1128, 1134 (9th Cir. 2002); U.S. v. Craig, 181 F.3d 1124, 1129 (9th Cir. 1999).

The United States bears the burden of proving by a preponderance of the evidence "the amount of loss sustained by a victim."  18 U.S.C. § 3664(e).  Restitution is mandatory in cases involving sexual crimes against children, including distribution of child pornography, pursuant to 18 U.S.C. § 2259.  This statute provides in part:

> (b) Scope and nature of order.--
>
>> (1) Directions.--The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).

> (2) Enforcement.--An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
>
> (3) Definition.--For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for–
>
>> (A) medical services relating to physical, psychiatric, or psychological care;
>>
>> (B) physical and occupational therapy or rehabilitation;
>>
>> (C) necessary transportation, temporary housing, and child care expenses;
>>
>> (D) lost income;
>>
>> (E) attorneys' fees, as well as other costs incurred; and
>>
>> (F) any other losses suffered by the victim as a proximate result of the offense.
>
> * * * *
>
> (c) Definition.--For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter . . . .

18 U.S.C. § 2259(b), (c).  While § 2259 states that restitution is mandatory, it "does not make a defendant automatically liable to pay restitution for every crime that forms part of that defendant's 'relevant conduct'" for purposes of sentencing.

U.S. v. Laney, 189 F.3d 954, 965 (9th Cir. 1999). The Ninth Circuit has concluded that "[s]ection 2259 . . . incorporates a requirement of proximate causation," based on the plain language of the statute. Id. In Laney, the Ninth Circuit relied on the definition of "victim," as "the individual harmed as a result of a commission of a crime under this chapter" and the requirement that restitution be imposed for "any other losses suffered by the victim as a proximate result of the offense." Id. (quoting 18 U.S.C. § 2259(c), (b)(3)(F)) (emphasis added in Laney).

A federal district court in Maine recently applied Laney's reasoning to deny restitution where the defendant was sentenced for possession of child pornography. U.S. v. Berk, 2009 WL 3451085 (D. Me. Oct. 26, 2009). Persons depicted in pornographic images on the defendant's computer, requested restitution. The district court denied the request because the government had not proven a causal connection between the victims' harm and the defendant's actions. Id. at *8. Relying on Laney, the district court agreed that section 2259 incorporates a proximate cause requirement. The court also noted that the statutory language, "and any other losses suffered by the victim as a proximate result of the offense," because it is written in the conjunctive means that all losses suffered by the victim must be the proximate result of the defendant's actions. Id. at *5 (citing Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 348 (1920)). The district court found that nothing in the record demonstrated the

necessary causal link: "The losses described by the Victims are generalized and caused by the idea of their images being publicly viewed rather than caused by this particular Defendant having viewed their images." Id. at *7.

The Court agrees with the reasoning in Berk. Under Laney, the United States was required to prove proximate cause between "L.S."'s losses and Rhodes' crime. The documents submitted in support of the restitution request do not adequately demonstrate such a causal link. Mr. Rhodes had one video in which "L.S." appeared for four seconds. Further, the Court has no assurances that the psychological evaluation or estimations of loss that form that basis of the request are sufficiently reliable to comport with Due Process requirements. Valensia, 222 F.3d at 1183.

Mr. Rhodes' name is not mentioned in the victim letters, and is mentioned only on the first page of "L.S."'s attorney's cover page. "The losses described . . . are generalized and caused by the idea of the[] images being publicly viewed rather than caused by this particular Defendant having viewed their images." Berk, 2009 WL 3451085 at *7. Further, as with the other materials submitted regarding restitution, the Court has no basis for assessing the reliability of the claims in the letter or the expert report.

While "L.S." has undoubtedly suffered great harm because of the abuse she suffered and the availability of these images on the internet, there is not sufficient

evidence to show that her losses were proximately caused by Rhode's conduct. The United States has not met its burden to prove that Rhodes caused this victim's losses, and restitution is, therefore, not warranted.

    IT IS HEREBY ORDERED that the request for restitution is DENIED.

    DATED this 12th day of January, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT